UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,          )
                                   )
                Plaintiff,         )
                                   )
v.                                 )          3:08-CR-46
                                   )          (PHILLIPS/SHIRLEY)
ALEJANDRO BARBA,                   )
                                   )
                Defendant.         )

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the District Court,

as may be appropriate. On October 31, 2008, this matter came before the Court for a scheduled

motion hearing. Assistant United States Attorney Tracee Plowell was present representing the

Government. Attorney Phillip Lomonaco was present representing Defendant Alfredo Barba.

Attorney Ysidro Arismendez was present representing Defendant Alejandro Barba. Attorney Tracy

Jackson Smith was present representing Defendant Veronica Belmares, and Attorney Jonathon

Wood was present representing Defendant Reynaldo Quirez. Defendant Alfredo Barba, Defendant

Alejandro Barba, Defendant Veronica Belmares, and Defendant Reynaldo Quirez were present at

the hearing.

I.      **INTRODUCTION**

Defendant Alejandro Barba (hereinafter "the Defendant") currently has two dispositive

motions pending in this case: Defendant's Motion to Dismiss Counts One and Two of the

Indictment, Or In the Alternative to Obtain a Bill of Particulars of the Indictment **[Doc. 67]** and

Defendant's Motion to Dismiss Count One as Duplicitous **[Doc. 72]**. At the hearing, the Court

heard the arguments of the parties on the motions, and the Court took the motions under advisement on November 1, 2008.

## II.     ANALYSIS

### A.     Motion to Dismiss Counts One and Two of the Indictment, Or In the Alternative to Obtain a Bill of Particulars of the Indictment [Doc. 67]

In his Motion to Dismiss Counts One and Two of the Indictment, Or In the Alternative to Obtain a Bill of Particulars of the Indictment [Doc. 67], the Defendant moves the Court for an order dismissing Counts One and Two of the Indictment because the counts are impermissibly vague. The Defendant alleges that because the counts are vague, he is being denied certain constitutional protections. Alternatively, the Defendant moves the Court for a bill of particulars with respect to Counts One and Two pursuant to Federal Rule Criminal Procedure 7(f).

The Government opposes the Defendant's motion, arguing that the charges against the Defendant as set forth in the Indictment [Doc. 95], as well as the discovery that has already been provided, are specific enough to protect his double jeopardy rights and that the Indictment informs the Defendant of the nature of the charges against him with sufficient precision allow him to prepare for trial. [Doc. 90].

Excluding the Government's notice that it intends to seek forfeiture, Count One and Two are as follows:

### COUNT ONE

> The Grand Jury charges that from on or about October 2007, up to and including May 11, 2008, in the Eastern District of Tennessee and elsewhere, . . . ALEJANDRO BARBA, also known as "Alex Barba," [and named and unnamed co-defendants] did knowingly, intentionally, and without authority, combine, conspire, confederate and agree with each other and others both known and unknown to the Grand Jury, to commit violations of 21 U.S.C. §

2

841(a)(1), that is, to distribute, and possess with intent to distribute, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance, and 1000 kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

[21 U.S.C. §§ 846 and 841(b)(1)(A)]

. . . .

## COUNT TWO

The Grand Jury further charges that from on or about October 2007, up to and including May 11, 2008, in the Eastern District of Tennessee and elsewhere, . . . ALEJANDRO BARBA, also known as "Alex Barba," [and named and unnamed co-defendants] did unlawfully and knowingly combine, conspire, confederate, and agree with each other and others both known and unknown to the Grand Jury, to commit certain offenses against the United States as follows: knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such financial transactions with intent to promote the carrying on of a specified unlawful activity, and the concealing and disguising the nature of, the location, source, ownership, and control of the proceeds of a specified unlawful activity, that is, the distribution of, and possession of with intent to distribute, cocaine hydrochloride, a Schedule II controlled substance, and marijuana, a Schedule I controlled substance, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (a)(1)(B)(i).

[18 U.S.C. § 1956(h)]

. . . .

[Doc. 95].

The Defendant argues that both the Fifth Amendment and the Sixth Amendment of the United States Constitution require that an indictment "sufficiently apprise the Defendant of what he must be prepared to meet [at trial]." Russell v. United States, 369 U.S. 749, 763-64 (1962). The Defendant contends that Federal Rule of Criminal Procedure 7 is an embodiment of these constitutional protections, and as a result, the Defendant's presentation of his constitutional argument and his presentation of his procedural argument are intertwined. Therefore, the Court will

3

address the arguments for a bill of particulars and for dismissal simultaneously.

Pursuant to Federal Rule of Criminal Procedure 7(f), the Court may direct the Government to file a bill of particulars. "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Salisbury, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). The granting of a bill of particulars is within the trial court's discretion. See id. (holding that the appellate court reviews the denial of a bill of particulars for an abuse of discretion). The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. Id. Additionally, "a defendant is not entitled to a bill of particulars with respect to information which is available through other sources." United States v. Paulino, 935 F.2d 739, 750 (6th Cir. 1991), superseded on other grounds by statute, United States v. Caseslorente, 220 F.3d 727 (6th Cir. 2000) (on sentencing issue).

### 1. Information Regarding Overt Acts

In his motion, the Defendant seeks information regarding the dates, times, and locations of overt acts committed in furtherance of the conspiracy. As to the locations, the Indictment alleges that the overt acts were committed in "the Eastern District of Tennessee and elsewhere." At the hearing, the Government clarified that "elsewhere" refers to New York, Texas, and the country of Mexico. The Court found this specification to be sufficient, and thus, the locations of the overt acts are not at issue.

As to the dates and times, the Court notes that "a defendant is not entitled to discover all the overt acts that might be proven at trial." Salisbury, 983 F.2d at 1375. As stated in the Court's Memorandum and Order, at the hearing defense counsel outlined a number of reasons why such information would be helpful. However, the Court is not convinced that such information is necessary

4

to protect the Defendant's rights, nor does the Court find that such information is necessary to assure that the Defendant is sufficiently apprised of what he must be prepared to meet at trial or to assure that he is charged with accuracy so as not to be subjected to double jeopardy. See Russell, 369 U.S. at 763-764. Accordingly, the Court finds that the Defendant is not entitled to a bill of particulars regarding the specific dates and times of the alleged overt acts of the conspiracy and that the Defendant has been accorded the notice and specificity guaranteed to him by the United States Constitution.

### 2. Unidentified Persons

The Defendant also seeks the names of the unidentified persons, whose identities were revealed to the grand jury, with whom the Defendant is alleged to have conspired. The Sixth Circuit has held that "the Government is not required to furnish the names of all other co-conspirators in a bill of particulars." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). Further, "a defendant is not entitled to a list of the names and addresses of the government's witnesses." United States v. Perkins, 994 F.2d 1184, 1190 (6th Cir. 1993). The Court notes that only one coconspirator remains unidentified, and based upon the case law of this circuit, the Court finds that the Government is not required to produce the names of any unidentified coconspirators or other witnesses, whose identities are known to the grand jury. Therefore, the Court finds that the Defendant is not entitled to a bill of particulars as to the names of unidentified persons and that the Defendant has been accorded the notice and specificity guaranteed to him by the United States Constitution.

### 3. Dates of Defendant's Involvement in Conspiracy

Finally, the Defendant seeks information regarding when he and his coconspirators are alleged to have entered the conspiracy and the dates on which he and the coconspirators conspired to commit the crimes contained in Count One and Count Two.

The Sixth Circuit has approved the provision of the dates that a defendant is alleged to have conspired. See, e.g., United States v. Rey, 923 F.2d 1217, 1222 (6th Cir. 1991) (observing that the defendant knew the relevant dates in holding that he was not entitled to know the names of co-conspirators). On the other hand, the failure to provide the precise date that a defendant joined a conspiracy when the indictment alleged it lasted from "early 1987 to November 17, 1987," was not error because "the indictment was not so vague that [the defendant] could not discern the nature of the charges pending against him and the time frame in which the alleged acts occurred, or that the indictment did not provide him with adequate information to prepare a defense." United States v. Hayes, 1989 WL 105938, at * 3 (6th Cir. 1989).

At the hearing, the Court acknowledged that in prior cases it has instructed the Government to provide a bill of particulars clarifying dates where the conspiracy lasted for several years. See United States v. McGhee, 3:06-CR-19, 2007 WL 1296009 (E.D. Tenn., Shirley, M.J., May 1, 2007) (granting motion for bill of particulars as to the dates of the conspiracy where the conspiracy was alleged to have lasted from January 2000 to approximately November 2005). In the present case, the conspiracy is alleged to have lasted a relatively short period, approximately seven months. Such a period, a matter of months, is not analogous to cases in which the defendant is expected to answer for a conspiracy alleged to have occurred over a period of several years. The time period is short enough to allow the Defendant to obtain the information needed to prepare a defense and to prevent the Defendant from the danger of a second prosecution on the same crimes. Accordingly, the Court finds

6

that the Defendant is not entitled to a bill of particulars regarding the dates of the alleged conspiracy that the Defendant has been accorded the notice and specificity guaranteed to him by the United States Constitution.

Based on the foregoing, the Defendant's Motion to Dismiss Counts One and Two of the Indictment, Or In the Alternative to Obtain a Bill of Particulars of the Indictment **[Doc. 67]** is **DENIED** in so far as it requests a bill of particulars, and the undersigned **RECOMMENDS** that the motion also be **DENIED** in so far as it requests dismissal of Counts One and Two of the Indictment.

### B.    Motion to Dismiss Count One as Duplicitous [Doc. 72]

In his Motion to Dismiss Count One as Duplicitous [Doc. 72], the Defendant argues that the Indictment is duplicitous, and because of the duplicity, the Defendant claims he has not been properly informed of the charges against him, will be subject to double jeopardy, will be prejudiced by evidentiary rulings at trial, and may be convicted by less than a unanimous verdict.  [Doc. 72]. Based upon these dangers, the Defendant moves for the dismissal of Count One of the Indictment. At the hearing, the Defendant emphasized the last of these complaints and argued that Count One included two crimes–conspiracy to possess cocaine base with intent to distribute and conspiracy to possess marijuana with intent to distribute.

The Government responds that Count One charges only one offense, the conspiracy, and the description of the goals of the conspiracy–possession and distribution of cocaine base and marijuana–are merely two theories of liability or two means by which the Defendant has committed a single offense.  That offense being the conspiracy.

"An indictment is duplicitous if it sets forth separate and distinct crimes in one count." United States v. Davis, 306 F.3d 398, 415 (6th Cir. 2002). The danger of a duplicitous charge is that

7

it "calls into question the unanimity of a verdict of guilty." United States v. Savoires, 430 F.3d 376, 380 (6th Cir. 2005) (citing Davis, 306 F.3d at 415-16). As the Court of Appeals explained in United States v. Davis,

> [t]he overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both.... A general verdict of guilty will not reveal whether the jury found the defendant guilty of one crime and not guilty of the others, or guilty at all.

306 F.3d at 415 (internal citations omitted).

As a general rule, "offenses are separate if each requires proof of an additional fact that the other does not." Id. (quoting United States v. Washington, 127 F.3d 510, 513 (6th Cir. 1997)). But even where a charge is duplicitous, it "is not prejudicial *per se,* because proper jury instructions can mitigate the risk of jury confusion and alleviate the doubt that would otherwise exist as to whether all members of the jury had found the defendant guilty of the same offense." Savoires, 430 F.3d at 380.

As noted previously, Count One of the Superseding Indictment [Doc. 95] charges that the Defendant conspired to violate 21 U.S.C. § 841(a)(1). Section 841(a)(1) states that it is unlawful for a person to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . ." Based upon the plain language of the statute either a conspiracy to distribute cocaine or a conspiracy to distribute marijuana would be grounds for finding that the Defendant conspired to violate 21 U.S.C. § 841(a)(1), since both marijuana and cocaine are controlled substances.

In support of this conclusion, the Government directs the Court to United States v. Dale, 178

F.3d 429 (6th Cir. 1999). In <u>Dale</u>, the indictment charged the defendant with conspiring to distribute both marijuana and crack cocaine under 21 U.S.C. § 841(a)(1). <u>Id</u>. at 431. On appeal, the defendant argued that because of the instructions given, the jury could have found that he conspired merely to distribute marijuana rather than both drugs when it returned a general verdict. <u>Id</u>. at 432. The Court

of Appeals explained:

> It has been clear since <u>Braverman v. United States</u>, 317 U.S. 49, 54 (1942), that the allegation, in a single count of conspiracy, of an agreement to commit several crimes is not duplicitous, as conspiracy is itself the crime. A single conspiracy may have as its objective the distribution of two different drugs without rendering it duplicitous.

<u>Id</u>. at 431 (internal citations omitted). On this basis, the court upheld the district court's decision not to sever or dismiss the count. <u>Id</u>. at 432.

Here, as in <u>Dale</u>, the Defendant is charged with a single conspiracy, which undertook both to distribute cocaine base and marijuana. As explained in <u>Dale</u>, the conspiracy is a single crime regardless of whether its goal is to complete two illegal acts. <u>See id.</u> at 431; <u>see also</u> <u>United States v. Dunbar</u>, 367 F. Supp. 2d 59, 61 (D. Mass. 2005) (holding that a single count charged only one offense–a large, complex drug conspiracy to violate 21 U.S.C. § 841(a)(1) that allegedly involved acts in at least six states and one foreign country). Because Count One contains only one crime, it is not duplicitous. <u>See</u> <u>Davis</u>, 306 F.3d at 415. The Defendant may seek remedy for any anxieties he has regarding the unanimity of the verdict via later motions regarding jury instructions.

Accordingly, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss Count One as Duplicitous **[Doc. 72]** be **DENIED**.

9

# III.    CONCLUSION

The Defendant's Motion to Dismiss Counts One and Two of the Indictment, Or In the Alternative to Obtain a Bill of Particulars of the Indictment **[Doc. 67]** is **DENIED** in so far as it requests a bill of particulars, and the undersigned **RECOMMENDS** that the motion also be **DENIED** in so far as it requests dismissal of Counts One and Two of the Indictment.  Further, the undersigned **RECOMMENDS** that the Defendant's Motion to Dismiss Count One as Duplicitous **[Doc. 72]** be **DENIED**.[1]

Respectfully Submitted,


　　s/ C. Clifford Shirley, Jr.　　
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party.  Fed. R. Crim. P. 59(b)(2).  Failure to file objections within the time specified waives the right to review by the District Court.  Fed. R. Crim. P. 59(b)(2); see  United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order).  The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general.  Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).